# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BALUMA, S.A., <br>     Plaintiff, <br> v. <br> VLADISLAV DAVYDOV, <br>     Defendant. | Case No.: 2:20-cv-01552-KJD-NJK <br><br> **ORDER** <br><br> [Docket No. 17] |

Pending before the Court is Defendant's renewed motion to extend discovery deadlines, which was filed on an emergency basis. Docket No. 17.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193–94 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140–41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, LR 7-4(b) ("Emergency motions should be rare").

Here, Defendant submits that good cause exists to consider the instant motion on an expedited basis. Docket No. 17 at 4. However, Defendant fails to discuss the "nature of the

1

emergency." LR 7-4(a)(1).[1]  In requesting an extension of discovery deadlines, Defendant merely submits that the instant motion should be heard on an expedited basis so the parties can "fully utilize the additional time should the Court be amenable to this request."  Docket No. 17 at 4.  These circumstances do not justify emergency treatment whereby the motion cuts to the front of the line ahead of the many other matters pending before the Court.  *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010) (explaining that "other cases, motions filed, scheduled hearings and settlement conferences do not afford me the luxury of dropping everything to hear a party's perceived 'emergency'" and instead waiting to resolve the motion until it "has worked its way up the tall stack of matters on my desk").  A party's "failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency."  LR 7-4(b).

        Accordingly, the Court declines to give the motion emergency consideration.  Instead, the motion will be briefed pursuant to the default briefing schedule and will be decided in the ordinary course.[2]

        IT IS SO ORDERED.

        Dated: February 9, 2021

                                              Nancy J. Koppe
                                              United States Magistrate Judge

---

[1] Defendant fails to comply with other requirements in LR 7-4 as well; however, the Court need not address them.

[2] The Court expresses no opinion herein as to the merits of the motion.